**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John SALAZAR, Defendant–Appellant.**

No. 92–50506.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 31, 1993.

Decided Sept. 23, 1993.

---

Frank T. Vecchione, Asst. Federal Public Defender, San Diego, CA, for defendant-appellant.

Patrick K. O'Toole, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: REAVLEY,\* PREGERSON, and FERNANDEZ, Circuit Judges.

REAVLEY, Senior Circuit Judge:

This is another sentencing appeal. John Salazar, while an inspector at a port of entry from Mexico, allowed vans containing 1,615 kilograms of cocaine to pass through his inspection lane. He argues that his sentence should not have been computed on the cocaine volume for the reason that he agreed to favor importation of marijuana, but not cocaine. We reject his argument and affirm.

Salazar pleaded guilty to conspiring to import a controlled substance and to official corruption. There is no fact dispute. From July, 1990, through July, 1991, Salazar accepted bribes in exchange for allowing vehicles containing drugs to enter the United States through his inspection lanes. On June 20, 1991, he allowed two vans through his inspection lane. Federal agents searched

the vans later and found secreted inside 170 kilograms of marijuana and 1615 kilograms of cocaine. On this record we assume that Salazar agreed to allow the importation of marijuana, but knew nothing of the cocaine.

In the sentencing the district court began with 42 base offense points by considering only the base offense of importation of more than 1500 kilograms of cocaine. U.S.S.G. § 2D1.1(a)(3) (Nov. 1991). Salazar contends that the cocaine should be disregarded, because he neither knew nor had any reasonable expectation of the importation of any drug other than marijuana. He cites cases where the conspiracy was never completed or where coconspirators committed offenses without the participation or expectation of the defendants. The conduct for which a conspirator is accountable "includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." *Id.* § 1B1.3, comment (n. 1).

■ The expansion of defendant's accountability due to the relevant conduct of coconspirators is not what the district court had before it in this sentencing. As the 1992 clarifying change to Guidelines Notes indicates, "[t]he requirement of reasonable foreseeability applies only in respect to the conduct ... of others.... It does not apply to conduct that the defendant personally undertakes...." U.S.S.G. § 1B1.3, comment (n. 2) (Nov. 1992). Salazar personally undertook to pass drug-laden vehicles through the checkpoint. He is responsible for the drugs that came through, even if he did not know what drugs they were.

■ Salazar conspired, was indicted for, and pleaded guilty to the importation of controlled substance. Cocaine, like marijuana, is a controlled substance. The base offense level for guideline sentencing may be determined by the volume of the drug actually imported, whether or not the defendant knows either the volume or the nature of the substance—if he knows only that he is importing a controlled substance. *United*

\* Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation.

States v. Ramirez–Ramirez, 875 F.2d 772 (9th Cir.1989). When sentencing only for a particular drug offense actually executed, the conspirator and the substantive offender are subject to the same penalty. 21 U.S.C. § 963. And the sentencing guidelines prescribe the base offense level of the substantive offense for the conspirator. § 2X1.1(a). The district court's computation was correct.

AFFIRMED.