46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gordon Owen MILLER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Teresa Ann LEY, aka Teresa Ann Miller, Defendant-Appellant.
 Nos. 94-10048, 94-10083.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Jan. 10, 1995 (as to Miller).
Submitted: Jan. 10, 1995* (as to Ley).
Decided: Jan. 25, 1995.
 
 1
 Before: GOODWIN, SCHROEDER, Circuit Judges, and TASHIMA**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Gordon Owen Miller appeals the denial of his motion to suppress evidence found during a warrantless search of his car at the time of arrest, and a later search of his home pursuant to a warrant based, in part, on the evidence found in the car. Because the search of the car was proper under the vehicle exception to the warrant rule, the evidence found in the car was admissible. Because the search of the car was legal, the warrant to search the house was untainted.
 
 
 4
 Teresa Ann Ley, a.k.a Teresa Ann Miller, appeals her sentence for participation in the same criminal scheme on the grounds that the district court failed to make sufficient factual findings to establish 570 grams of methamphetamine as the quantity of drugs on which to base her offense level under the Sentencing Guidelines. Because the district court made specific factual findings regarding Ley's responsibility for the drugs and did not clearly err, we affirm here as well.
 
 I. Facts and Procedural Background
 
 5
 On the morning of November 30, 1992, a citizen witness found a black bag containing 570 grams of methamphetamine on a roadside in a semi-rural area. The citizen witness turned the bag over to the sheriff's office where tests confirmed the illegal nature of the bag's contents. Later that day, another citizen witness who knew about the bag discovered by the road reported that a blue Samurai-type vehicle was suspiciously cruising the road where the bag was found. The vehicle was driven extremely slowly, often on the wrong side of the road. The car stopped near the turnout where the bag had been found and its occupants got out and searched the roadside.
 
 
 6
 Shortly thereafter, an investigating sheriff's agent saw a black Corvette heading toward the area where the bag had been found. Like the Samurai, the Corvette proceeded extremely slowly, often in the middle or the wrong side of the road. The driver appeared to be looking for something off the side of the road. The second witness then identified the driver of the Corvette as the passenger in the Samurai-type vehicle observed at the scene earlier, at which time the investigating agent sent the order to arrest the occupants of the Corvette.
 
 
 7
 Minutes later, sheriff's agents located the black Corvette parked in a turnout within a hundred yards of the turnout where the black bag was found. Agents arrived as Miller and codefendant Teresa Ann Ley were emerging from the roadside scruff. Agent Carter arrested Miller. Officers then searched the Corvette, finding a large quantity of drugs in the storage areas behind the seats and seized the car pursuant to the drug asset forfeiture laws. Later, the officers obtained a search warrant for Miller's house based, in part, on the evidence found in the car.
 
 
 8
 Miller moved to suppress the evidence found in the Corvette and at his house. The district court denied the motion. The court held that Miller's arrest was supported by probable cause, and that the search of the car was valid under both the vehicle exception to the warrant rule and the inevitable discovery exception. Following this conclusion, the district court held that the warrant to search the house was supported by probable cause.
 
 
 9
 After the denial of his suppression motion, Miller pleaded guilty to one count of conspiring to possess methamphetamine with intent to distribute and one count of possessing methamphetamine with intent to distribute in violation of 21 U.S.C. Secs. 846, 841(a)(1). Miller reserved his right to appeal the denial of the suppression motion and now brings this appeal, contending that his arrest was not supported by probable cause, that the search of the car was not legal under any theory, and therefore the warrant to search his house was tainted.
 
 
 10
 For her part in the search for the black bag, Ley pleaded guilty to one count of using a communication facility to facilitate a drug offense in violation of 21 U.S.C. Sec. 843(b). She was sentenced to 48 months in prison based on the 570 grams of methamphetimine found in the bag.
 
 
 11
 II. Admissibility of Evidence Found in the Car
 
 
 12
 Because probable cause supported the search of the Corvette and no warrant was required under the vehicle exception to the warrant rule, the drugs found behind the seats and all other evidence seized in the car was admissible.
 
 
 13
 Police may search a car and all containers within it whenever they have probable cause to believe the car contains evidence of a crime, particularly contraband. California v. Acevedo, 500 U.S. 565 (1991). Direct evidence that specific items will be found at a specific location is not required. U.S. v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir. 1986). Rather, a court may draw "reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." Id.
 
 
 14
 The same facts that constitute the probable cause to arrest Miller also establish probable cause to believe that Miller's car was connected to the transportation of drugs and therefore was likely to contain evidence. A citizen witness observed Miller in a Samurai-type vehicle crawling past and apparently searching the roadside turnout where only hours before a bag containing a large quantity of drugs was found. Again, Miller, now in a Corvette, was seen creeping along the road where the drugs were found. On both occasions, Miller's slow pace (about 1 mile per hour), frequent excursions to the wrong side of the road, and behavior made it clear that he was searching for something on the roadside where the bag was found. Finally, at the time of his arrest, Miller emerged from roadside brush along a turnout similar to and only yards from the turnout where the contraband-carrying bag was found earlier in the day.
 
 
 15
 It is conceivable that Miller's odd behavior was innocent. (He might have been searching for a lost hub cap or something else coincidentally on the same day in the same place where a bag of drugs had been found.) Under the circumstances, however, the officers had more than enough information reasonably to conclude that Miller was searching for the drugs, intended to recover and transport them in his car, and that the car may contain other contraband or drug-related evidence. Thus, the search of Miller's car was legal.
 
 
 16
 III. The Warrant to Search the House Was Untainted
 
 
 17
 Because the drugs found in the Corvette are admissible, any alleged defect in the warrant to search Miller's house bottoms out. If the search of the car was legal, inclusion of the fruits of that search in the affidavit supporting the warrant to search the house cannot taint the warrant with illegality.
 
 IV. Ley's Base Offense Level
 
 18
 Ley argues that the district court failed to make sufficient factual findings upon which to base her sentence. In brief, Ley argues that because the district court did not specifically find that she knew or could reasonably foresee that the bag she was looking for contained such a large quantity of drugs, her sentence cannot be based on the large quantity of drugs found in the bag.
 
 
 19
 We review for clear error a district court's findings of fact regarding the determination of an offense level based on the quantity of drugs involved in a course of conduct or common scheme or plan. U.S. v. Motz, 936 F.2d 1021, 1026 (9th Cir. 1991). After a hearing in which the defendant raised the same issues she argues today, the district court found:
 
 
 20
 There was no question that Mrs. Ley knew they were going to look for the container of methamphetamine, that there was methamphetamine inside it. And the Court finds that it requires no stretch of the imagination or any unwarranted assumption of hypothetical facts to know that if you're looking for a bag of methamphetamine and there's methamphetamine inside of it and you're there to assist somebody find it, that you are responsible for what is there.
 
 
 21
 We agree. The district court did make factual findings sufficient to establish the quantity of drugs in the bag as the basis for sentencing Ley and did not clearly err. We have been and continue to be disinclined to create a defense to sentencing based on a defendant's ignorance of the quantity or type of drugs with which he is personally dealing. See, U.S. v. Salazar, 5 F.3d 445 (9th Cir. 1993). Accordingly, we affirm here as well.
 
 
 22
 We AFFIRM both judgments.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable A. Wallace Tashima, District Judge of the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3