79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco Murgia CERVANTES, Defendant-Appellant.
 No. 94-10365.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 14, 1995.
Decided March 15, 1996.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cervantes appeals his sentence of 180 months pursuant to convictions for various narcotics offenses. He argues that he was denied his constitutional right to address the court prior to his sentence modification and that the trial court erred in sentencing him to a five-year term on a weapons enhancement. Cervantes contends further that the trial court erred in applying the mandatory minimum sentence of 180 months where there was no evidence of his knowledge as to the quantity of drugs involved in the robbery. We affirm.
 
 
 3
 * At approximately 1:00 a.m. on February 2, 1994, outside Pixley, California, Francisco Mugia Cervantes and his three co-defendants, Heriberto Garcia Ontiveros, Darko Israel Brito, and Ignacio Vega Duarte, were pulled over by California Highway Patrol officers for expired registration tags. Ontiveros was driving. As the officers approached the car, they detected a strong chemical odor and noticed front seat passenger Cervantes spraying an aerosol substance inside the car. When the officers asked Cervantes to step out of the vehicle, the chemical odor increased and a dark ski mask fell from beneath Cervantes' vest. During a pat-search, the officers noticed that the vest was bullet-proof. After one of the officers spotted a shotgun in the back seat of the automobile, all four of the defendants were arrested and the car was searched. A black nylon bag containing approximately seven kilograms of methamphetamine was found on the floor of the passenger seat. Two semi-automatic pistols, a shotgun, four ski masks, and three flashlights were also found in the vehicle.
 
 
 4
 Upon arrest, all of the men confessed with the exception of Duarte. Ontiveros, who had orchestrated the robbery, informed the law enforcement officers that he was paid $5000 by a man named "Carlos" to steal drugs from some Mexican males. He recruited his co-defendants to assist him with the robbery. Cervantes, Duarte, and Brito told police that on February 1, 1994, the four co-defendants, three of whom were armed, drove to a grocery store parking lot at 10:00 p.m. to wait for four Mexican men. The Mexicans arrived at midnight and were held up by the four co-defendants. After handcuffing all of the men in the car, the co-defendants stole the nylon bag containing the methamphetamine which was later seized in the search.
 
 
 5
 Cervantes was charged with conspiring to distribute and possess methamphetamine with intent to distribute (Count One), possessing methamphetamine with intent to distribute (Count Two), and use of a firearm during a drug trafficking crime (Count Three). 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 942(c)(1).
 
 
 6
 On May 9, 1994, Cervantes entered a guilty plea to all charges of the indictment pursuant to the terms of a written agreement. In exchange for a recommendation of fifteen years, Cervantes agreed to cooperate and testify for the government. After the court's advisory that he faced a mandatory minimum penalty of ten years and a maximum of life with respect to Counts One and Two, and a mandatory consecutive term of five years with respect to Count Three, Cervantes stated that he understood the respective penalties and "agree[d] that a 15 year sentence [was] appropriate."
 
 
 7
 The presentence report ("PSR") indicated that the base offense level for the drug offenses charged in Counts One and Two was 38, based on the recovery of 6.8 kilograms of pure methamphetamine. U.S.S.G. § 2D1.1. In consideration of Cervantes' acceptance of responsibility, the probation officer recommended a three-level reduction resulting in an adjusted offense level of 35. Since Cervantes' criminal history placed him in category II, his guideline range for the drug offenses was calculated at 188-235 months. Accordingly, the probation officer recommended a sentence of 188 months to be served concurrently for Counts One and Two, and an additional 60 months for the firearms violation, pursuant to the mandatory five-year consecutive term under 18 U.S.C. § 924(c)(1).
 
 
 8
 Cervantes did not file any objections to the PSR. On July 8, 1994, based on his cooperation with law enforcement authorities, the government filed a motion for a downward departure to 180 months pursuant to the plea agreement and guidelines section 5K1.1. In spite of the motion, the district court adopted the recommendation contained in the PSR, sentencing Cervantes to a total term of 248 months. The court's refusal to follow the government's reduction suggestion was based on the fact that Cervantes' cooperation was not total because "[t]he government bargained for testimony." Upon the opportunity to address the court prior to sentencing, Cervantes stated that he "didn't really know what [he] was getting into," although he admitted that he went to Fresno to "steal, with guns, drugs from another person."
 
 II
 
 9
 Cervantes maintains that he was denied his constitutional right to be present and allocute at his sentence modification. He asserts that under Federal Rule of Criminal Procedure 32(a)(1)(C),[1] every defendant is entitled to address the court before sentencing. Because he was not given an opportunity to speak prior to the change in his sentence, he asks that this case be remanded to the district court for a determination of whether he actually asked to speak and what he would have said given the opportunity.
 
 
 10
 We decline to reach this issue. Assuming without deciding that the court erred by failing to afford the defendant his right of allocution, such error was harmless because the defendant received the lowest sentence possible. See United States v. Mejia, 953 F.2d 461, 468 (9th Cir.1991) (absence of allocution harmless where court imposed lowest sentence possible under the Guidelines), cert. denied, 112 S.Ct. 1983 (1992); see also United States v. Carper, 24 F.3d 1157, 1162 (9th Cir.1994); United States v. Medrano, 5 F.3d 1214, 1219 (9th Cir.1993). Here, the district court imposed a 120-month term for the drug offenses, followed by a consecutive 60-month term for the firearm offense. The 180-month sentence is required by statute. See 18 U.S.C. § 924(c)(1) (mandatory 5-year consecutive sentence); 21 U.S.C. § 841(b) (10-year mandatory minimum sentence). Thus, the defendant received the lowest sentence possible, and any allocution error was harmless.
 
 III
 
 11
 Cervantes also contends that the district court erred in imposing a five-year consecutive term for the use of a firearm during a felony because the government presented no evidence that the gun was operable. He insists that the government's failure to prove this element renders the weapons enhancement pursuant to 18 U.S.C. § 924(c)(1) a violation of his due process rights.
 
 
 12
 Cervantes' argument, made without citation to any legal authority, is meritless. Pursuant to a written agreement, he entered a guilty plea to the use of a firearm in violation of 18 U.S.C. § 924(c)(1). At the time he entered this plea, he was notified that the crime carries a mandatory consecutive term of five years. 18 U.S.C. § 924(c)(1). Moreover, the plea constitutes "an admission of all the elements of a formal criminal charge" and "conclusively admits all factual allegations of the indictment." United States v. Mathews, 833 F.2d 161, 163 (9th Cir.1987). Thus, the government was not required to prove any elements of the offense.
 
 
 13
 In addition, even if Cervantes had not entered the plea, the government would not be required to prove the gun was operable because proof that a firearm is loaded or operable is not an element of the offense. As stated in United States v. Gonzalez, 800 F.2d 895 (9th Cir.1986), 18 U.S.C. § 924(c) "imposes no requirement that the gun be loaded or operable." Id. at 899. Therefore, the district court did not err in sentencing Cervantes to a five-year consecutive term for violation of section 924(c).
 
 IV
 
 14
 Cervantes argues further that the district court erred in applying the mandatory minimum sentence of 180 months because the government produced no evidence to establish that he had any knowledge as to the quantity of drugs involved in the robbery. Insisting that he was unaware of the amount of methamphetamine involved and that foreseeability as to quantity must be present to support the application of the mandatory minimum sentence, Cervantes concludes that his sentence is unenforceable.
 
 
 15
 21 U.S.C. § 824(b)(1)(A)(viii) requires the imposition of a mandatory minimum sentence of ten years for drug trafficking offenses involving at least 1 kilogram of a mixture containing a detectable amount of methamphetamine.
 
 
 16
 Just as Cervantes' argument regarding the firearm sentence is without merit, so too are his contentions with regard to the mandatory minimum sentence. The district court's finding that this case involved at least 1 kilogram of a mixture of methamphetamine was based on the findings and recommendations contained in the presentence report ("PSR"). The report indicated that Cervantes actually possessed 7.1 kilograms of unrefined product when the car was stopped by the California Highway Patrol. Cervantes did not object to the PSR's findings.
 
 
 17
 Cervantes' claim of ignorance as to the quantity of methamphetamine is dubious. Both after his arrest and upon entering his guilty plea, Cervantes admitted to stealing the methamphetamine in exchange for $1000. He also agreed to the appropriateness of a 15-year sentence. In addition, at the original sentencing, his attorney made no objections to the court's reliance on the PSR's determination that the offense involved 6.8 kilograms of methamphetamine. Finally, the black nylon bag containing the methamphetamine was found on the floorboard area of the right front seat in which Cervantes was the passenger. These factors taken together suggest that, at the very least, Cervantes was aware that a significant quantity of drugs was involved. Moreover, this circuit has held that a defendant's knowledge of the quantity involved is irrelevant in cases of actual possession. See, e.g., United States v. Salazar, 5 F.3d 445 (9th Cir.1993) (drug sentence controlled by actual amount of drug imported, not what defendant believed). In short, the court did not err in imposing the mandatory minimum sentence of 180 months.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rule 32(a)(1)(C) was amended effective November 1994 and replaced as Rule 32(c)(3)(C). There was no substantive change in the rule