141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Alfonso MALDONADO-MEDINA, Defendant-Appellant.
 No. 97-50350.
D.C. No. CR-97-00883-IEG.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the Southern District of California Irma E. Gonzalez, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alfonso Maldonado-Medina appeals his 188-month sentence imposed following his guilty plea to importation of marijuana in violation of 21 U.S.C. §§ 952 and 960 and possession of marijuana in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Maldonado-Medina contends that the district court erred by calculating his base offense level based on methamphetamine seized from his truck because he claims that he believed he was importing only marijuana. This contention lacks merit because the base offense level is properly based on the controlled substance actually imported "whether or not the defendant knows either the volume or the nature of the substance." See United States v. Salazar, 5 F.3d 445, 446 (9th Cir.1993); see also United States v. Wong, 2 F.3d 927, 930 (9th Cir.1993) (rejecting a due process challenge to the relevant conduct provisions of the Sentencing Guidelines). To the extent that Maldonado-Medina suggests that Salazar should be overruled, only a panel sitting en banc may overturn existing Ninth Circuit precedent. See United States v. Camper, 66 F.3d 229, 232 (9th Cir. 229, 232 (9th Cir.1995).
 
 
 4
 Maldonado-Medina also contends that his lack of knowledge as to the methamphetamine was a proper basis for downward departure. We lack jurisdiction to consider this claim because the district court recognized that it had discretion to depart downward but failed to do so in this case. See United States v. Webster, 108 F.3d 1156, 1158 (9th Cir.1997) (stating that a district court's discretionary refusal to depart downward is unreviewable).
 
 
 5
 Maldonado-Medina finally contends that the government improperly deprived him of the opportunity to receive a downward departure based on substantial assistance to the government pursuant to U.S.S.G. § 5K1.1. We disagree because Maldonado-Medina has not established that the failure to move for departure was based on unconstitutional motives or arbitrariness. See United States v. Burrows, 36 F.3d 875, 883-84 (9th Cir.1994).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3