**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael ROMERO, aka Luis Gonzalez–Gutierrez, Defendant–Appellant.**

No. 99–50767.

D.C. No. CR–99–00049–IEG.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

### MEMORANDUM **

Michael Romero appeals the 121 month sentence imposed by the district court following his guilty plea conviction to one count of importing cocaine in violation of 21 U.S.C. §§ 952, 960. We have jurisdic-

** This disposition is not appropriate for publication and may not be cited to or by the

tion pursuant to 21 U.S.C. § 1291, and we affirm.

■ Romero argues that the district court erred by sentencing him according to the guidelines for the substance he actually he imported—cocaine—and not based on the controlled substance he thought he was importing—marijuana. Romero's challenge has been squarely foreclosed by this Court. It is well-established that "the base level offense for guideline sentencing may be determined by the volume of the drug actually imported, whether or not the defendant knows ... the nature of the substance—if he knows only that he is importing a controlled substance." *United States v. Salazar,* 5 F.3d 445, 446 (9th Cir.1993). There is no question that Romero knew he was importing a controlled substance. he was indicted for and pleaded guilty to importation of cocaine, a Schedule II controlled substance. Accordingly, the district court correctly imposed a sentence based on what Romero actually possessed.

■ Romero additionally argues that his sentence was imposed in contravention of the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), due to his alleged lack of knowledge regarding the type of controlled substance he imported. This argument is without merit. First, Romero's sentence does not run afoul of *Apprendi* because it falls below the statutory maximum applicable where an indictment fails to state any amount of narcotics involved. *See* 21 U.S.C. § 960(b)(3) (prescribing not more than 20 years imprisonment for importation of a amount of a schedule II controlled substance, including cocaine); *cf. United States v. Garcia-Guizar,* 234 F.3d 483, 489

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

(9th Cir.2000) (holding that *Apprendi* does not require reversal when defendant's sentence is less than the statutory maximum for the offense). Second, in contrast to *Apprendi* and *United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000), relied on by Romero, he pleaded guilty to the precise offense to which he was sentenced. *See United States v. Silva*, Nos. 99–10416, 99–10422, 99–10524, 2001 WL 396534, at *9 (9th Cir. April 20, 2001) ("An unconditional guilty plea constitutes a waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent *constitutional* defects.") (internal quotations and citations omitted) (emphasis in original). The district court's sentence is affirmed.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.