UNITED STATES of America, Plaintiff—Appellee,

v.

Hector D. VARELA, Defendant—Appellant.

No. 01–50120.

D.C. No. CR 00–2697 TW.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2001.[*]

Decided June 7, 2002.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Before PREGERSON, TASHIMA, and BERZON, Circuit Judges.

### MEMORANDUM **

Hector Varela appeals his conviction for knowingly and intentionally importing marijuana into the United States, in violation of 21 U.S.C. §§ 952 and 960, pursuant to a conditional plea agreement. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Varela's argument that 21 U.S.C. § 960 is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by our

recent decisions in *United States v. Mendoza–Paz*, 286 F.3d 1104, 1109–10 (9th Cir. 2002) (applying *United States v. Buckland*, 277 F.3d 1173 (9th Cir.2002) (en banc),[1] to hold that § 960 is constitutional).

The district court did not err by concluding that the government was not required to prove that Varela was aware of the type and quantity of the drug that he imported. We recently determined that *"Apprendi* did not change the long established rule that the government need not prove that the defendant knew the *type* and *amount* of a controlled substance that he imported or possessed; the government need only show that the defendant knew that he imported or possessed *some* controlled substance." *United States v. Carranza*, 289 F.3d 634, 2002 WL 841175, at *7 (9th Cir. May 3, 2002) (citing *United States v. Salazar*, 5 F.3d 445, 446 (9th Cir.1993)). Varela acknowledged in his plea agreement that he "intentionally brought marijuana into the United States" and that he "knew it was marijuana or some other prohibited drug;" therefore, the mens rea requirement was satisfied.

The district court correctly denied Varela's motion to dismiss the indictment based on his contention that the government failed to comply with the Speedy Trial Act ("STA") requirement that the government file an indictment within 30 days from the day of arrest. Under 18 U.S.C. § 3161(d)(1), the STA "clock" was refreshed when the original indictment was dismissed upon Varela's own motion. *See United States v. Feldman*, 788 F.2d 544, 548 (9th Cir.1986); *United States v. McCown*, 711 F.2d 1441, 1446 (9th Cir. 1983). Because the dismissal of the first indictment caused the STA "clock" to be-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. *United States v. Buckland*, 277 F.3d 1173 (9th Cir.2002) (en banc), cited in *Mendoza–Paz*, has since been superseded by *United States v. Buckland*, 289 F.3d 558, 2002 WL 857751 (9th Cir. May 7, 2002) (en banc).

gin running anew, the government's August 23, 1999, filing of the second indictment, which charged Varela with the same offenses, came well within 30 days, and therefore, did not violate the STA. *Id.*

Finally, Varela contends that the district court erred in failing to indicate whether dismissal of the original indictment was with or without prejudice and "made no findings in this regard ...." While Varela was correct when this appeal was commenced, we ordered a limited remand expressly for the purpose of enabling the district court to state whether its earlier dismissal was with or without prejudice. In response, the district court specifically found that the prior dismissal was without prejudice and further listed its reasons and findings in support of its determination. That being the case, there was no bar to the government filing and proceeding on a second indictment.

AFFIRMED.