**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth D. WILLIS, Defendant–
Appellant.**

**No. 01–5545.**

United States Court of Appeals,
Sixth Circuit.

Feb. 3, 2003.

Before MARTIN, Chief Circuit Judge; DAUGHTREY, Circuit Judge; and O'MALLEY, District Judge.*

PER CURIAM.

Defendant-appellant Kenneth D. Willis appeals his sentence, imposed upon him by the district court pursuant to his plea of guilty to possession of cocaine. For the reasons that follow, we **AFFIRM.**

**Background**

On March 14, 2000, the United States Postal Service ("USPS") intercepted a package sent from California and addressed to "Kevin Barber," which contained about 500 grams of cocaine. The USPS removed all but about 6 grams of the cocaine and delivered the package to

---

* The Honorable Kathleen O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

the stated address in Louisville, Kentucky. A resident accepted the package and then delivered it to Willis, who lived two houses away. Later that day, police officers executed a search warrant on Willis's house and recovered the burnt remains of the package, as well as drug paraphernalia and a gun. The officers did not catch Willis at that time. About a month later, however, on April 20, 2000, Willis was arrested on the street for engaging in another drug transaction. The car in which he was driving contained about 56 grams of cocaine.

Willis was ultimately charged with four counts arising out of these two events: (Count I) March 14—conspiracy to possess 500 grams of cocaine, in violation of 21 U.S.C. § 846; (Count II) March 14—attempting to possess, with intent to distribute, 500 grams of cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; (Count III) April 20—possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and (Count IV) March 14—being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) and 924(a)(2).

On the day of trial, pursuant to a written plea agreement, Willis agreed to plead guilty to the first three counts. Among other things, the plea agreement included the following provisions: (1) Willis agreed he understood the charges and was pleading guilty "because he is in fact guilty of the charges." Agreement at ¶ 1; (2) the government agreed to "stipulate that the quantity of drugs involved in this case is 556.28 grams of cocaine," Agreement at ¶ 12; and (3) Willis agreed he understood that the charges he pleaded guilty to "will carry a minimum term of imprisonment of five years and a maximum ... of 40 years, [and] a maximum fine of $2,000,000," Agreement at ¶ 4. The latter provision coincides with the penalties for possession of over 500 grams of cocaine. 21 U.S.C.

§ 841(b)(1)(B)(ii). It also coincides with the penalties for possession of over 100 kilos of marijuana (or 100 plants). 21 U.S.C. § 841(b)(1)(B)(vii). Finally, the government agreed to recommend a prison sentence at the low end of the applicable guideline range.

During the plea colloquy, Willis did not, initially, agree clearly that he was guilty of all elements of the first count for conspiracy. Specifically, Willis asserted he believed the package he received from California was going to contain marijuana, not cocaine. The district court recessed the proceedings to allow Willis to speak with his attorney and to determine whether he did, indeed, wish to enter a plea to the conspiracy as charged in Count I—a conspiracy involving cocaine, not marijuana. Upon resumption of the colloquy, the district court questioned Willis again; he stated he "got together with someone in an agreement to have a package that contained an illegal substance to come and be delivered, and I was a part of that." Willis also conceded that the package that was sent in furtherance of that agreement actually contained cocaine, not marijuana, and that the government could prove that the quantity of cocaine originally in the package exceeded 500 grams. Plea colloquy tr. at 51–63. Based on these statements, the district court concluded there was a factual basis for accepting Willis's guilty plea to Count I.

The district court then addressed Willis regarding Count II. Willis again hesitated about admitting his guilt to all elements of the crime. It is not entirely clear whether his hesitation was because he believed the package would contain marijuana and not cocaine, or because the package as actually delivered contained only 6 grams of cocaine, not 500. In any event, the government avoided any problems on this Count

by simply agreeing on the spot to dismiss Count II.

Finally, Willis agreed that he had possessed "around 50 grams" of cocaine when he was arrested on the street on April 20, 2000, and the district court accepted Willis's guilty plea on Count III, based on these admissions.

The Probation Officer's Pre–Sentence Investigation Report ("PSIR") concluded that Willis was responsible for offenses involving 556 grams of cocaine—500 grams on Count I and 56 grams on Count III—yielding a base offense level of 26. The PSIR further concluded that certain adjustments were appropriate, yielding a total offense level of 23, and that Willis's criminal history category was VI. Willis did not object to any aspect of this calculation, nor to the several statements in the PSIR showing that the offenses involved cocaine and specifying the quantities applicable with respect to the two counts of conviction. The district court accepted the calculation and sentenced Willis to 92 months incarceration, which was at the very bottom of the applicable range.

**Analysis**

On appeal, Willis asserts his sentence cannot exceed the five-year statutory maximum applicable to an offense involving less than 50 kilograms of marijuana, as provided in 21 U.S.C. § 841(b)(1)(D). Specifically, in reference to Count I, Willis points again to his "belief" that the package from California would contain marijuana, not cocaine. This assertion, however, goes only to his guilty plea on Count I. Willis ignores completely his guilty plea to Count III and his *admission* that he possessed 56 grams of cocaine on April 20, 2000. The entirety of Willis's argument may be boiled down to the following assertions, quoted from his brief:

> the sentencing court accepted as the basis for the plea that [Willis] reason-

ably believed he was dealing in marijuana. As such, his sentence may not be enhanced [under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2001),] using a preponderance standard, based upon other types of drug[s] which would increase the statutory level.

Brief at 8–9.

When reviewing a sentence, we apply a clearly erroneous standard to the district court's factual findings and a de novo standard to the district court's legal conclusions. *United States v. Russell,* 76 F.3d 808, 812 (6th Cir.1996). When a defendant does not make a timely objection on an *Apprendi* issue, we review for clear error. *United States v. Martinez,* 253 F.3d 251, 255 (6th Cir.2001).

There are a number of reasons why Willis's arguments fail, two of which are especially strong. First, Willis's conviction under Count I for violation of 21 U.S.C. § 846—that is, for conspiring to violate 18 U.S.C. § 841(a)(1)—does not require the government to show Willis knew *what* the controlled substance was, and his sentence does not depend on what he knew either. In *United States v. Salazar,* 5 F.3d 445 (9th Cir.1993), the defendant, a customs inspector who allowed vans carrying drugs to enter the United States, argued that "his sentence should not have been computed on the cocaine volume for the reason that he agreed to favor importation of marijuana, but not cocaine." *Id.* at 446. The Ninth Circuit Court of Appeals disagreed, stating "[c]ocaine, like marijuana, is a controlled substance. The base offense level for guideline sentencing may be determined by the volume of the drug actually imported, whether or not the defendant knows either the volume or the nature of the substance—if he knows only that he is importing a controlled substance." *Id.*

Like the defendant in *Salazar*. Willis knew he was conspiring to traffick in a controlled substance. Indeed, Willis himself recognized his culpability for the *actual* activities of the conspiracy in which he participated, regardless of any misunderstanding he may have harbored with respect to those activities, stating: "I was under the impression that, although I intended to receive marijuana, that because the government intercepted the package and it was cocaine in the package, that I am guilty regardless of what was in it." Sentencing tr. at 19. Thus, even accepting his assertion that he believed the controlled substance was marijuana, not cocaine, Willis's belief is essentially irrelevant to the sentence to be imposed under Count I. *See also United States v. Valencia-Gonzales*, 172 F.3d 344, 346 (5th Cir. 1999), *cert. denied*, 528 U.S. 894, 120 S.Ct. 222, 145 L.Ed.2d 187 (1999) (the government *stipulated* that the defendant thought he was carrying cocaine, not heroin; nonetheless, "[t]he district court did not err in sentencing [the defendant] according to the drug he was carrying rather than the drug he believed he was carrying").

Willis asserts that the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), somehow changes the law in this area, rendering his knowledge of the type and quantity of drug to be delivered material to his conviction. Willis is wrong. *Apprendi* does require that the type and quantity of drug at the heart of a conspiracy be proven beyond a reasonable doubt before a conviction mandating sentencing ranges based on those factors can be sustained. *Apprendi* did *not* alter the basic law of conspiracy, however. Thus, while the government must establish (1) that the purpose of the conspiracy involved a particular type of drug, and (2) an approximate quantity of that particular drug, it

remains true that the government need *not* establish that each conspirator understood the precise purposes and objects of the illegal agreement. Here, Willis (1) acknowledged that he knew the purpose of the conspiracy was to possess with intent to distribute, and to distribute, illegal substances; and (2) stipulated that, at trial, the government could prove both that the illegal substance actually delivered was cocaine, and that the amount of cocaine intended for delivery to Willis exceeded 500 grams. That is all the proof required for Count I, even post-*Apprendi*.

Second. Willis's conviction *on Count III, alone*, for possession of 56 grams of cocaine, exposed him to a 20–year sentence. 21 U.S.C. § 841(b)(1)(C). He was actually sentenced to 92 months, a fraction of the 240–month maximum. Willis does not argue there was any *Apprendi* error with respect to his sentence for Count III. As to Count I, Willis was sentenced to 92 months, to be served concurrently with the sentence imposed under Count III. Even assuming there was some sort of *Apprendi* error with respect to Count I—which, for the reasons stated above, is a false assumption—the 92–month sentence actually imposed would be unchanged.

In sum, the district court committed no error. Accordingly, Willis's sentence is affirmed.

**IT IS SO ORDERED.**