United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30408
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD MARTIN BASS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CR-50023-1
--------------------

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[1]

Edward Martin Bass pleaded guilty to conspiracy to import controlled substances specifically Ecstasy, and was sentenced to 135 months' imprisonment and five years' supervised release. Bass argues that under U.S.S.G. § 1B1.3(a)(1)(B), his sentence should have been calculated based on ecstasy, the substance which was within the scope of the conspiracy and which was reasonably foreseeable to Bass. He contends that he agreed to

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the importation of ecstasy only, and that Sollenberger's conduct in shipping methamphetamine was not reasonably foreseeable to him.

The section of the guidelines concerning relevant conduct which Bass argues is at issue, § 1B1.3(a), provides that a defendant's sentence

> shall be determined on the basis of the following:
>
> (1)(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
>
> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

§ 1B1.3(a). These are separate and independent grounds for imposing sentencing accountability. <u>United States v. Carreon</u>, 11 F.3d 1225, 1237 (5th Cir. 1994).

The commentary to § 1B1.3 provides as follows:

> With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the

2

> scope of the criminal activity that he jointly undertook.
>
> The requirement of reasonable foreseeability applies only in respect to the conduct (<u>i.e.</u>, acts and omissions) of others under subsection (a)(1)(B). It does not apply to conduct that the defendant personally undertakes, aids, abets, counsels, commands, induces, procures, or willfully causes; such conduct is addressed under subsection (a)(1)(A)

§ 1B1.3, comment. (n.2). <u>Carreon</u> and the commentary make it clear that the relevant conduct mentioned in § 1B1.3(a)(1)(B), which contains the reasonable foreseeability requirement, applies in the instances in which the defendant is not directly involved in the drug transaction. 11 F.3d at 1232-33, 1237.

The concept of reasonable foreseeability does not apply in this case because Bass personally participated in the importation. Bass met with Sollenberger and recruited him to go to Belgium to obtain the ecstasy; he provided Sollenberger with the money to purchase the tablets; he provided Sollenberger with the addresses to which the drugs should be mailed; and he actually received and had in his possession two parcels containing methamphetamine which were mailed by Sollenberger to Bass from Belgium. In the words of § 1B1.3(a)(1)(A), Bass, by his actions, personally "aided, abetted, induced and procured" the importation of a controlled substance which turned out to be methamphetamine. The district court did not err in holding Bass accountable for the quantity of methamphetamine which was actually

3

involved in the transaction in which Bass personally participated regardless of his lack of knowledge that methamphetamine was the drug actually imported.  See United States v. Valencia-Gonzales, 172 F.3d 344, 345-46 (5th Cir. 1999); United States v. Gamez-Gonzalez, 391 F.3d 695, 700 (5th Cir. 2003); United States v. Strange, 102 F.3d 356, 360-61 (8th Cir. 1996); United States v. Salazar, 5 F.3d 445, 446-47 (9th Cir. 1993); United States v. Lockhart, 37 F.3d 1451, 1454 (10th Cir. 1994); United States v. Corral-Ibarra, 25 F.3d 430, 437-38 (7th Cir. 1994).

Bass argues that after Apprendi v. New Jersey, 530 U.S. 466 (2000), due process requires that a defendant convicted of a narcotics conspiracy be sentenced according to the substance that was actually the object of the conspiracy.  He contends that because the type of substance is an element of the offense, and because the statutory penalties are directly dependent on the type of substance involved in the offense, he should have been sentenced based on ecstasy because that was the drug for which he was charged and to which he pleaded guilty to conspiring to import.  He acknowledges that his sentence did not exceed the statutory maximum for ecstasy, but he contends that his sentence nevertheless violates due process because it is unfair.

Bass acknowledges that he did not raise this issue in the district court, and so this court reviews for plain error. United States v. Olano, 507 U.S. 725, 730-37 (1993).

4

This court rejected a similar argument in Gamez-Gonzalez, holding that knowledge of drug type and quantity was not relevant to the penalty, that the penalty was based solely on the type and quantity involved in the unlawful act in 21 U.S.C. § 841's strict liability punishment scheme.  319 F.3d at 699-700.  If knowledge of the type of drug is not an element for purposes of the conviction, it is likewise not relevant to the sentence.

Bass acknowledged at his plea hearing that he understood that it was possible that the district court would base his sentence on the quantity of methamphetamine actually involved in the offense, rather than the ecstasy that was the intended object of the conspiracy, and he was willing to take that risk.  Bass's sentence was not unfair and did not violate due process.

AFFIRMED.