
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30271 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-05723-BHS-3 |
| v. | |
| FABIAN MENDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted July 11, 2013[**]
Seattle, Washington

Before: M. SMITH and N.R. SMITH, Circuit Judges, and WALTER, Senior
District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Donald E. Walter, Senior District Judge for the United States District Court for the Western District of Louisiana, sitting by designation.

Defendant-Appellant Fabian Mendez appeals his jury conviction of conspiracy to distribute and possession of 500 grams of methamphetamine. Mendez argues that there was insufficient evidence for a jury to convict him of those charges. Mendez failed to raise this issue at trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm Mendez's conviction on both counts.

Because Mendez failed to move for a judgment of acquittal, we review his claim for plain error. *See United States v. Pelisamen*, 641 F.3d 399, 408-09 (9th Cir. 2011). "The plain-error standard of review dictates that reversal is warranted only where there has been (1) error; (2) that is plain; (3) that affects substantial rights; and (4) where the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 404. Here, there is no error, let alone plain error.

There is sufficient evidence to support a conviction if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence showed that Mendez and two co-defendants went together to meet an informant. The informant was told that Mendez would be delivering the drugs to him. Mendez asked to see the money before giving the drugs to the informant and then told the informant where the

drugs were located.  Moreover, after Mendez was arrested, he waived his *Miranda* rights and admitted that he handled and delivered methamphetamine.  The evidence demonstrated that there was an existing conspiracy to distribute methamphetamine and that Mendez joined the conspiracy by willfully participating in a controlled sale of three pounds of methamphetamine.  *See United States v. Salazar*, 5 F.3d 445, 446 (9th Cir. 1993) (noting "the requirement of reasonable foreseeability . . . does not apply to conduct that the defendant personally undertakes" and that the defendant "is responsible for the drugs that came through, even if he did not know what drugs they were").

**AFFIRMED.**