NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10062 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00171-DKW-1 |
| v. | |
| MICHAEL STEVEN WRIGHT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted June 16, 2017
Honolulu, Hawaii

Before: FISHER, PAEZ, and NGUYEN, Circuit Judges.

Michael Wright appeals the district court's sentence following his guilty

plea for possession with intent to distribute a controlled substance, in violation of

21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

1. The record does not support Wright's argument that the district court

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

plainly erred by holding him responsible for the conduct of another. Wright

personally possessed with intent to distribute the package containing

methamphetamine, and therefore the district court's use of methamphetamine to set

Wright's guideline range merely held him responsible for his own conduct. *See*

U.S.S.G. § 1B1.3(a)(1) (defining scope of relevant conduct for which a defendant

may be held responsible); *see also United States v. Salazar*, 5 F.3d 445, 446 (9th

Cir. 1993) (finding a defendant who helped to import drugs personally responsible

for the type and quantity of drugs actually imported, even when he claimed that he

had been misled as to drug type).

2.　The district court correctly used methamphetamine (instead of

marijuana) to calculate Wright's sentencing guideline range, despite the fact that

Wright thought the package contained marijuana. Unlike drug type and quantity, a

defendant's *knowledge* of drug type and quantity is not a fact that must be admitted

or proved beyond a reasonable doubt. *United States v. Jefferson*, 791 F.3d 1013,

1019 (9th Cir. 2015); *see also United States v. Soto-Zuniga*, 837 F.3d 992, 1004–

05 (9th Cir. 2016).

　　　**AFFIRMED.**